BRENNEMAN, Exrx., Plaintiff, v. SEEDS, et al., Defendants.

Probate Court, Franklin County.

No. 114817.   Decided December 2, 1946.

Francis M. Thompson, Columbus, for plaintiff.
Addison & Carpenter, Columbus, for defendant.

## OPINION

By McCLELLAND, PJ.

This matter comes before the Court upon the application of the executrix for the construction of the will of Robert L. Seeds, deceased. The court wishes to state at the outset that some of the provisions of this will are most unusual, and, further that it is rather unfortunate that the devisees or legatees under the will have proceeded under their own respective constructions of same and have dealt with the assets of the estate accordingly before coming to a court for a declaration of their rights thereunder. This procedure has made it quite difficult for the court in handling the administration of this estate.

We will now come to the various items of the will and will take them up in the order in which they appear therein.

As to item two the testator has earmarked certain funds which should be exhausted in the payment of certain debts named in the will. If those funds existed, or any part of those funds existed, at the time of the death of Mr. Seeds, they should be used as far as possible in the payment of the debts mentioned in item two. Should those funds be more than sufficient to pay the debts therein enumerated, then the remainder should be subject to the payment of the other debts of the estate.

The testimony discloses that Mr. Seeds sometime prior to his death used a thousand dollars therein mentioned and deposited it in a joint account payable to him or Anita S. Brenneman. She withdrew that money under the terms of the joint account and has used a portion thereof as directed by Mr. Seeds. It is our opinion that she became a trustee of that fund for his benefit. The remainder of the fund should be used under such instructions as he gave her as trustee and should any be left then the remainder should be turned into the estate and used for the payment of his debts.

The next question involves the construction of item four. This item and the next succeeding one has not only given this court but counsel and all the other parties considerable difficulty. Under this item the testator devises to his daughter, Anita S. Brenneman, the use of his undivided half interest in the single dwelling described as 1262 Fair Avenue, during the lifetime of his sister, Lenora M. Seeds. It is to be noted that Anita S. Brenneman is not given the income from the undivided half, but is entitled to the use of said undivided half of his property. The testimony discloses that at the time the will

was executed, and also at the time of the death of the testator, Lenora M. Seeds was the owner of an undivided half interest in the property and Robert L. Seeds, the testator, was the owner of the other undivided half interest. Therefore they were tenants in common and not tenants in severalty and the interest of each one attached to every particle of the real estate. It therefore became impossible for Anita S. Brenneman to use the half interest devised without also using the undivided half interest of her tenant in common. It was also impossible for Lenora M. Seeds to occupy or use her undivided half interest without occupying or using the undivided half interest owned by Robert L. Seeds during his lifetime and the use of which was devised to Anita S. Brenneman. From a reading of the will, especially items four and five thereof, and from the testimony received by the court in construing same, we find that it was the intention of Robert L. Seeds that his sister, Lenora M. Seeds, should use or live in the home owned by him and her during the remainder of her life. It was also the intention of Robert L. Seeds that Anita S. Brenneman should also use or live in that home during the remainder of the life of Lenora M. Seeds. If the court limits the construction of this item of the will to the enjoyment by Anita S. Brenneman of only the half interest owned by the decedent, it must then hold that it is impossible to perform and carry out the provisions of item four of the will, and therefore the court would have to declare that item inoperative. Inasmuch as item five is so intimately connected with item four of the will, the court would be compelled to likewise declare that item inoperative.

It is the duty of the court to so construe a will, if possible, to make it effective, and also, if possible, to carry out the intention of the testator.

Now, coming to the rights of Lenora M. Seeds under the terms of the will. It is our opinion that Lenora M. Seeds not only has her undivided half interest which she owned independently of the will, but she and Anita S. Brenneman also have an estate equally during the life of Lenora M. Seeds in the undivided half of the real estate mentioned in item four. Anita S. Brenneman also has an estate for years, limited by the death of Lenora M. Seeds, or at least the right to occupy or use Lenora M. Seeds' undivided half of the property owned by her. This is a most unusual situation, but in our opinion it is the only construction that a court can arrive at and thereby make that item operative.

If we are correct in the foregoing construction, then it became the duty of Lenora M. Seeds to permit Anita S. Brenneman to use that particular real estate on equal terms with

herself. Lenora M. Seeds, however, after a certain length of time declined to further personally occupy the property, but withdrew from it, put her personal belongings in certain rooms, locked them and denied Anita S. Brenneman access to same. Subsequent thereto she sold her undivided interest, and her vendee then brought an action in the Common Pleas Court to partition and sell the same. The property was sold and Lenora M. Seeds received her half of the proceeds of that sale and Anita S. Brenneman was compelled to vacate the property. It is contended by counsel for Lenora M. Seeds that the purchasers of the property offered to permit Anita S. Brenneman to remain in same. This was not disputed, but should Anita S. Brenneman have accepted that offer she would have occupied the property by virtue of the permission of the owners rather under the will of Robert L. Seeds.

It is a fundamental principle of law that a devisee or legatee under a will cannot enjoy the benefits of a will and fail to assume the burdens placed upon him or her by the same instrument.

This proposition has been well settled by the Supreme Court of Ohio in the case of **Huston v. Cone,** reported in 24 Oh St 11, where the court uses the following language:

"It is a well settled principle of equity, that where a will assumes to give to one of its beneficiaries property belonging to another person, for whom provision is likewise made in the will, the latter is bound to elect whether he will claim the property so disposed of or take the provision made for him in the will, and that he cannot have both."

The Supreme Court of Ohio, in the case of **Hibbs v Insurance Company, 40 Oh St 543,** uses the following language:

"The doctrine of election, as stated by an approved text writer, requires, that if a testator has elected to dispose of property which is not his own, and has given a benefit to the person to whom that property belongs, the devisee or legatee accepting the benefit so given to him must make good the testator's attempted disposition; but, if on the contrary he chooses to enforce his proprietary rights against the testator's disposition, equity will sequester the property given to him, for the purpose of making satisfaction out of it to the person whom he has disappointed by the assertion of those rights."

The Supreme Court of Ohio also, in the case of **Jennings v Jennings, et al.,** reported in **21 Oh St p 56,** uses the following language:

"So firm is the principle that one cannot claim both under the will and adversely to it, that in disposing of that which is not his own, it seems to be immaterial whether the testator is acquainted with his want of title, or supposes that he is exercising a power of disposition that belongs to him."

In the body of the opinion we find also the following language:

"The obligation imposed upon a party to choose between two inconsistent claims, in cases where it is the clear intention of the testator from whom he derives one, that he should not enjoy the benefits of both, rests upon the soundest principles of equity. Indeed, the doctrine of election is the peculiar subject of the jurisdiction of courts of equity. It is a creature of equity, although regulated by statute as to the time, place, manner, requisites and effect of the election. One of the main objects of the statute is to remove the fact of the widow's election from the domain of uncertainty; and that she may act deliberately and understandingly, she is allowed one year after the probate of the will, within which to make her election. But the doctrine of election is none the less of equitable origin because under statutory regulation."

This case, however, is not exactly in point as to the facts but the principle applies. This court also adhered to the principle laid down in the above named cases in its decision in the Swickard case, being No. 61255 in the Probate Court of this county, and decided November 17, 1932.

Applying the principles as stated in the foregoing decisions, Lenora M. Seeds by her sale of her undivided half interest and the succeeding partition of the property by her vendee, has resulted in the denial by Anita S. Brenneman of her use of the property. Her act in withdrawing from the occupancy of the property and the subsequent sale of her undivided interest in same, with the result as above stated, constituted an election on her part to reject the burdens imposed by the will and consequently to forfeit the benefits thereof.

As to item five: Both items four and five are dependent upon each other. At the time of the testator's death his property at 1295 West Lane Avenue was under an option of pur-

chase. The property at 1388 East Long Street had been sold under a land contract. The testator devises to Anita S. Brenneman the proceeds of sale of both of these tracts of land. By the provisions of item five Anita S. Brenneman was given full discretion and power to collect and expend all of said proceeds and to resell, if necessary, those properties, and she was also required to pay the mortgage on the East Long Street property from the proceeds of the sale thereof, or from the payments made thereon under the contract. From the proceeds of the sale after paying the mortgage on the Long Street property, she was to pay the living and personal expenses of Lenora M. Seeds, and also those of herself and her family during the lifetime of Lenora M. Seeds. She was also to pay the taxes on the entire property. By this language Mr. Seeds meant that from the proceeds of the sale of the properties mentioned in item five Anita S. Brenneman was to pay the taxes on Lenora M. Seeds' undivided half interest in the property at 1262 Fair Avenue as well as the taxes on the undivided half which he devised. This language further confirms the court's opinion that it was the intention of the testator that his sister and his daughter should occupy the home on an equal footing during the lifetime of Lenora M. Seeds, which property was owned by them as tenants in common.

Inasmuch as Lenora M. Seeds has rendered impossible the use of said real estate by Anita S. Brenneman, she has forfeited her rights under item five of the will, and Anita S. Brenneman should be compensated for her loss out of the benefits which Lenora M. Seeds forfeits.

Now as to the estate or interest which Anita S. Brenneman has in the property bequeathed to her under item five of the will. We were first inclined to hold that she had a fee in the property subject to a charge, but after considering it at length we have come to the conclusion that Anita S. Brenneman is a trustee for the proceeds of sale of those two properties. She has a right to resell them if she so wishes, and has full discretion to collect and expend the proceeds of the sale. Inasmuch as she has filed an application in this court for an allowance for her maintenance and support, she evidently is taking the precaution to obtain the protection of the court in the expenditure of that money. If she has not already done so, she should qualify as a testamentary trustee of that particular fund.

Anita S. Brenneman, of course, has occupied the property from the death of the testator until she was forced to vacate after the sale in the partition proceeding. From the time she vacated she is entitled to the use of the proceeds of the

sale of her devised undivided interest in the property. From the trust fund arising from the sale of the other two parcels mentioned in item five, she is entitled to a sufficient amount to maintain herself and her family during the lifetime of Lenora M. Seeds and the allowance for maintenance should date from the death of the testator. This allowance, however, is subsequent in priority to the claims against the estate. No doubt, by this time all claims have been presented and have been adjudicated if necessary, and the court therefore should be in a position to act upon her application for an allowance.

It is the opinion of the court that the interest of Anita S. Brenneman passes to the proceeds of the sale of her devised undivided half interest in the Fair Avenue property. Counsel for Lenora M. Seeds contends that under the circumstances the remainder accelerates. With this position the court does not agree. Counsel has cited the case of **Davidson v Savings and Trust Company, 129 Oh St 418,** and also the case of **Crabbe v Lingo, 146 Oh St 489.** Those cases apply under circumstances where the life estate has been extinguished. In the present case the estate of Anita S. Brenneman has not been extinguished. Under the principles of equity the interest of Anita S. Brenneman is transferred to the fund arising from the sale and she therefore has the use of the proceeds of the sale of her devised undivided interest in that property during the life of Lenora M. Seeds. A trustee should therefore be appointed to take possession of and administer that fund, but in case Anita S. Brenneman should elect to take the present value of her interest, no doubt, she would be permitted to do so and permit a distribution to the remaindermen.

An order may be drawn accordingly.